IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 18-cr-00352-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEREK RUIZ,

    Defendant.

## PLEA AGREEMENT

The United States of America, by District of Colorado United States Attorney Jason R. Dunn, through Assistant United States Attorney Celeste Rangel, and defendant Derek Ruiz, personally and by counsel, Julia Stancil, submit the following Plea Agreement, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and District Court of Colorado Local Rule 11.1.

It is the intention of the parties to resolve all pending federal criminal issues, excluding any tax issues (none are presently known to the parties), between the defendant and the United States Attorney's Office for the District of Colorado through the resolution of this case. Discussions in relation to this plea agreement, including any supplement to the plea agreement, were and are entered into pursuant to Fed. R. Crim. P. 11, Fed. R. Evid. 410, and U.S.S.G. ' 1B1.8. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet his obligations pursuant to this plea agreement, including any supplement to the plea agreement, the government will proceed with the prosecution of the defendant according to law, which may include obtaining superseding

COURT EXHIBIT 1

indictments, filing additional charges, and pursuing Title 21 U.S.C. ' 851 allegations, if applicable. *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

## I. AGREEMENT

1. The defendant agrees to plead guilty to Count Two of the Indictment, charging a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii): Distribution and Possession with Intent to Distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance; and Count Nine, charging a violation of Title 18 United States Code, Section 922(g)(1): Possession of a Firearm and Ammunition by a Prohibited Person . The defendant also agrees that he will admit the forfeiture allegations in the Indictment and confess forfeiture to all items the government has in its possession to which the defendant could make any claim.

2. In consideration of this plea agreement, if the United States Attorney=s Office for the District of Colorado determines, in its sole discretion, that the defendant has complied with the terms of this agreement, and once the Court indicates its acceptance of the plea of guilty, the government, at the time of sentencing, will dismiss the remaining counts of the Indictment as to this defendant.

3. The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case. In return, the government agrees to request that the defendant receive a three-level decrease for timely acceptance of responsibility pursuant to United States Sentencing Guideline Section 3E1.1(b), unless the defendant engages in conduct that qualifies for the obstruction of

justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing.

4. Any sentence recommended by the government is not binding on the Court and the defendant acknowledges that he will not be permitted to withdraw his guilty plea if the Court does not follow the government's recommendation.

5. The defendant is aware that 18 U.S.C. ' 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 31 or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

6. The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. ' 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel, or (3) the defendant was prejudiced by prosecutorial misconduct.

7. The defendant also agrees that he shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on the defendant=s part to the entry of an order enjoining the transfer or encumbrance of assets which may be subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivering to the government upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

8. The defendant also agrees to forfeit to the United States voluntarily and immediately any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 21, United States Code, § 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere.

9. The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the defendant agrees to waive any appeal for the forfeiture.

## II. ELEMENTS OF THE OFFENSE

10. The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*Count Two*:

a. The defendant knowingly or intentionally distributed and possessed with intent to distribute a controlled substance as charged;

b. the substance was in fact methamphetamine;

c. the amount of the controlled substance distributed by the defendant was at least 50 grams or more of methamphetamine (actual), a Schedule II controlled substance.

*Count Nine*:

a. The defendant knowingly possessed a firearm and ammunition;

b. The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition, and

c. Before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved at some time from one state to another.

### III. STATUTORY PENALTIES

d. The maximum statutory penalty for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) as charged in Count Two of the Indictment, is not less than 10 years' imprisonment, not more than life; not more than a $10,000,000.00 fine, or both such fine and imprisonment; not less than 5 years of supervised release; and a $100 special assessment fee. The maximum statutory penalty for a violation of Title 18, United States Code, Section 922(g)(1) as charged in Count Nine of the Indictment, is not more than 10 years' imprisonment; not more than an $250,000 fine, or both; not more than 3 years' supervised release; a $100.00 special assessment fee. There is no restitution.

11. If supervised release is imposed, a violation of any condition of supervised release

5

may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

12. The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

13. The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set for below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

14. The stipulation of facts herein does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

15. The parties agree that the date on which relevant conduct began is March 8, 2018.

16. The parties agree as follows: On March 8, 2018, the defendant traveled with co-defendant Maijah Baker to a location in order to sell eight ounces of methamphetamine.

Baker carried the drugs for the sale in her purse. Once at the location, Baker physically put her purse on a desk; the defendant then removed the drugs from her purse in order to complete the drug transaction. On this date, the defendant and Baker sold 224 grams' methamphetamine, of which 121 grams was actual methamphetamine.

17. On March 22, 2018, the defendant and Baker again traveled to the same location to sell another eight ounces of methamphetamine. On this date, Baker again carried the drugs in her purse and handed her purse to the defendant. He then removed the drugs from her purse. The defendant and Baker sold 224 grams' methamphetamine, of which 80 grams was actual methamphetamine.

18. On May 3, 2018, the defendant and a different female traveled to the same location to sell heroin to the undercover agents. The defendant sold 101 grams' heroin and 26 grams' cocaine.

19. The defendant continued to speak with the undercover agents and on May 31, 2018, he again traveled to the same location in order to sell four ounces of methamphetamine and over three ounces of heroin. Specifically, the defendant sold 110 grams' methamphetamine, of which 57.5 grams was actual methamphetamine, and 100 grams' heroin.

20. On June 14, 2018, the defendant arranged a drug transaction with the undercover agents and he met them at the same location. He sold 223 grams' methamphetamine, of which 167 grams was actual methamphetamine, and 10 grams of cocaine.

21. On July 1, 2018, unknown individuals robbed the defendant and his family at the defendant's home and at gunpoint. On July 2, 2018, the defendant told an undercover agent that he was going to seek revenge on the individuals responsible for the robbery.

The undercover agent offered to assist the defendant in order to meet with him and take him into custody. Prior to meeting the undercover agent at a restaurant, officers observed the defendant open the trunk of the vehicle in which he arrived and saw him briefly lean into the trunk. The defendant was taken into custody shortly after. Inside of the trunk where the defendant had been observed were a rifle and pistol, both fully loaded with ammunition.

22. Prior to July 2, 2018, the defendant was convicted of a felony, that is a crime punishable by more than one year of imprisonment. The firearms and ammunition possessed by the defendant on July 2, 2018 were not manufactured in the state of Colorado, and therefore must have traveled in and/or affected interstate commerce. Additionally, the parties agree that the firearms functioned as designed.

23. After the defendant was arrested, a search warrant was executed at his residence. An additional 151 grams' actual methamphetamine was seized.

24. The parties agree that the defendant's total relevant conduct, including that which was reasonably foreseeable to him, is 577 grams of methamphetamine (actual), 36 grams cocaine, and 201 grams heroin. These differing controlled substances convert to 11,746 kilograms of converted drug weight pursuant to U.S.S.G. § 2D1.1, Application Note 8(B) and (D).

25. All of the above conduct occurred in the District of Colorado.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

26. The parties understand that the imposition of sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is

required to consider seven factors. One of those factors is the sentencing range computed by the Court under the advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters that are in dispute.

27. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. The Court is free, pursuant to Guidelines § 6A1.3 and § 6B1.4, to reach its own findings of facts and sentencing factors considering the parties= stipulations, the pre-sentence investigation, and any other relevant information. (§ 6B1.4 Comm.; § 1B1.4).

*Count Two:*

a. The parties agree that pursuant to U.S.S.G. 2D1.1, the Base Offense Level is **34** as the relevant offense conduct attributable to the defendant during the course of the offense is at least 10,000 KG but less than 30,000 KG of converted drug weight.

b. The parties agree that the defendant should not receive an adjustment for his role in the offense.

*Count Nine:*

a. Pursuant to U.S.S.G. '2.K2.1(a)(6)(A), the base offense level is **14**, as the defendant was prohibited person at the time the defendant committed the instant offense.

*Grouping of Counts Two and Nine:*

a. Pursuant to U.S.S.G. § 3D1.2, Counts One and Two group. Under U.S.S.G. § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious (highest offense level) of the counts, which is Count Two or **34**.

b.  The combined offense level is the highest offense level increased by the number of units in the Group, which is **0**-levels, as there is only one unit. U.S.S.G. § 3D1.4. Thus, the combined offense level is **34**.

c.  Assuming the defendant timely filed a notice of disposition and withheld the filing of any pretrial motions in this case, the defendant should receive a three-level downward adjustment for timely acceptance of responsibility. The resulting offense level is **31**.

d.  The parties understand that the defendant=s criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant=s prior convictions. Based on information currently available to the parties, it is estimated that the defendant=s criminal history category would be **IV**.

e.  The advisory guideline range resulting from the offense level of **31** in c above, and the (tentative) criminal history category of **IV** is **151 to 188 months**. The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

f.  Pursuant to U.S.S.G. '5E1.2, assuming the estimated offense level of 31, the fine range for this offense is $30,000.00-$300,000.00, plus applicable interest and penalties.

g.  Pursuant to U.S.S.G. '5D1.2, if the Court imposes a term of supervised release, that term shall be not less than 5 years.

28. The parties understand that although the Court will consider the parties= estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

29. Unless specifically prohibited as a term of the plea agreement, no estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or of a degree, not adequately taken

into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, and unless specifically prohibited as a term of the plea agreement, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. '3553 factors.

30. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. '3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. '3553 factor.

## VII. ENTIRE AGREEMENT

31. The plea encompasses all readily provable relevant offense conduct as of the date of the offer represented by the proposed plea agreement, and adequately reflects the serious nature of the criminal activity engaged in by the defendant.

32. This document and any supplement states the parties= entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises,

conditions or assurances not expressly stated in this agreement and any supplement to the plea agreement.

Respectfully submitted this _____ day of _____, 2019, at Denver, Colorado.

JASON R. DUNN
United States Attorney
District of Colorado

BY: _____  7/16/19
CELESTE RANGEL         date
Assistant United States Attorney

BY: _____  6-11-19
JULIA STANCIL          date
Attorney for Derek Ruiz

BY: _____  7-15-19
DEREK RUIZ             date
Defendant

12